UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MUSSIE B.Z.,

    Petitioner,

    v.

CHRISTOPHER CHESTNUT, et al.,

    Respondents.

No. 1:26-cv-00003-TLN-DMC

**ORDER**

This matter is before the Court on an order to show cause why a preliminary injunction should not issue (ECF No. 4) after granting Petitioner Mussie B.Z.'s ("Petitioner") underlying ex-parte Motion for Temporary Restraining Order ("TRO") (ECF No. 2). Respondents filed a response and waived a hearing. (ECF No. 7.) For the reasons set forth below, the Court issues a preliminary injunction.

///

///

1

## I. FACTUAL BACKGROUND[1]

Petitioner is a 32-year-old citizen of Eritrea and asylum applicant in the United States. (ECF No. 2 at 4.) Petitioner fled Eritrea and came to the United States to seek protection from persecution on May 10, 2023. (*Id.*) Immigration authorities determined that Petitioner's fear of persecution was credible and released him into the United States to pursue his asylum application in July 2023. (*Id.*)

Since his release over two years ago, Petitioner has established a life in California. (*Id.*) He maintains a stable residence, has obtained employment authorization and gainful employment, and is a contributing member of his community. (*Id.*) Petitioner has consistently complied with all reporting and supervision requirements imposed by immigration authorities and has attended every scheduled check-in with U.S. Immigration and Customs Enforcement ("ICE"). (*Id.*) Petitioner also has no criminal history. (*Id.*)

Nevertheless, at a routine ICE check-in, Petitioner was detained by ICE, without notice, explanation, or an opportunity to be heard. (*Id.*) Petitioner's detention occurred without any allegation of criminal conduct, violation of release conditions, or individualized finding that detention was necessary. (*Id.*) During Petitioner's detention, he was not afforded a custody hearing. (*Id.*)

Petitioner challenged the lawfulness of his civil detention through a petition for writ of habeas corpus and a motion for TRO. (ECF Nos. 1, 2). On January 2, 2026, the Court granted a TRO ordering Petitioner's immediate release from detention.[2] (ECF No. 4.) Now the Court determines whether the relief granted in the TRO should continue as a preliminary injunction.

## II. STANDARD OF LAW

For a preliminary injunction, courts consider whether a petitioner has established "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is

---

[1] The facts are not disputed by the parties. (ECF Nos. 2, 7.)

[2] Respondents did not affirm in their response that they have released Petitioner. Thus, the Court now seeks a notice certifying compliance with the January 2, 2026 TRO.

2

in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Petitioner must "make a showing on all four prongs" of the *Winter* test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

In evaluating a petitioner's motion, a district court may weigh petitioner's showings on the *Winter* elements using a sliding-scale approach. *Id.* A stronger showing on the balance of the hardships may support issuing a preliminary injunction even where the petitioner shows that there are "serious questions on the merits . . . so long as the [petitioner] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* Simply put, a petitioner must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply" in petitioner's favor to issue the requested preliminary injunction. *Id.* at 1134–35.

### III.   ANALYSIS

This Court has already found that Petitioner established each of the *Winter* elements sufficient to warrant relief, as set forth in the TRO, including likely violations of the Immigration and Nationality Act and the Fifth Amendment Due Process Clause. (ECF No. 4.) Because the standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction, *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), the Court incorporates its reasoning from the TRO and need not duplicate its analysis here. Respondents now oppose a preliminary injunction, and the Court discusses each of Respondents' arguments in turn.[3]

First, Respondents argue that detention is mandatory under 8 U.S.C. § 1225(b)(1). (ECF No. 7 at 2.) However, this Court has already found that statutory provision does not apply to Petitioner. (ECF No. 4 at 4.) Rather, 8 U.S.C. § 1226(a) governs Petitioner's detention. Thus, Petitioner is entitled to the process available to him under § 1226(a).

Second, Respondents argue that Petitioner has not been subject to a due process violation

---

[3]   In addition to the arguments set forth here, Respondents also argue that violations of the Administrative Procedure Act are not a basis for the relief requested. (ECF No. 7 at 3–4.) Because this Court declined to address the issue in its TRO (and did not need to reach the issue to find relief warranted), the Court likewise declines to address the claim here.

because detention is authorized by statute and because due process (in the immigration context) should not be analyzed under a multi-factor balancing test, like the *Mathews* factors applied by this Court. (ECF No. 7 at 3.) As an initial matter, this Court did not broadly find detention unlawful under the INA. Rather, it found that Respondents applied the wrong statutory provision to Petitioner (one that does not require mandatory detention) as well as a due process violation. (ECF No. 4.) Moreover, the Ninth Circuit has repeatedly applied the *Mathews* factors when assessing immigration due process challenges. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022); *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). The Ninth Circuit instructs that the *Mathews* factors are flexible and can account for the heightened governmental interest in the immigration detention context. *Id.* Therefore, the Court declines to reconsider its due process analysis set out in the TRO and maintains that Petitioner has shown he is likely to succeed on the merits of his Fifth Amendment procedural due process claim.

Finally, Respondents note this case may be held in abeyance until the Ninth Circuit rules on *Rodriguez Vasquez v. Bostock*, 779 F.Supp.3d 1239 (W.D. Wash. 2025), which may be dispositive of one of the issues in case. (ECF No. 7 at 5.) The Court declines to hold this case in abeyance. As this Court has said previously, it will not delay issuing relief on the prospective chance a pending appeal could change the outcome of one claim.

**IV.    CONCLUSION**

Therefore, to prevent further irreparable harm, the Court issues a preliminary injunction as set forth below. IT IS HEREBY ORDERED:

1.  By January 27, 2026, Respondents must file a notice certifying compliance with this Court's Temporary Restraining Order and identifying the date Petitioner was released.

2.  Respondents are ENJOINED AND RESTRAINED from imposing additional restrictions on Petitioner's terms of release, unless such restrictions are determined to be necessary at a pre-deprivation/custody hearing.

3.  Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show

4

material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. At any such hearing, Petitioner shall be allowed to have counsel present.

4. This matter is referred to the United States Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Date: January 26, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE