UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUSSIE Z., | No.  1:26-cv-00003-TLN-DMC-HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CHRISTOPHER CHESTNUT, et. al., | |
| Respondents. | |

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion for temporary restraining order. See ECF Nos. 1 and 2.

Petitioner asserts that he entered the United States on May 10, 2023, was detained by U.S. Border Patrol, was placed in expedited removal proceedings and then released from custody on July 26, 2023. See ECF No. 1, pg. 5. Petitioner contends that he is seeking asylum and received a positive credible fear determination. See id. Petitioner asserts he was denied due process and the process prescribed in Immigration and Nationality Act ("INA") § 236(a) when he was re-detained without an individualized custody assessment or bond hearing. See id. at 6 and 10. Petitioner further asserts that Respondents are violating the INA because he is being continuously held without removal in the reasonably foreseeable future. See id. at 8. Petitioner

1

claims he has no criminal record and has never exhibited conduct suggesting danger to the community or risk of flight. See id. at 5, 7. Petitioner asserts he is properly subject to 8 U.S.C § 1226(a) but being detained under § 1225(b)(2). See id. at 17.

The District Judge granted the motion for temporary restraining order ("TRO"), ordering Petitioner be immediately released because Petitioner had established a likelihood of success on the merits that his detention violates the INA and the Fifth Amendment Due Process Clause. For the INA violation the court reasoned "§ 1225(b) applies only to noncitizens 'seeking admission' — a category that does not include noncitizens like Petitioner who were detained within the United States." See ECF No. 4, pg. 4 (citing Morales-Flores v. Lyons, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025)). As to Due Process, the Court determined that Petitioner had a liberty interest in continued release and that Petitioner was entitled to notice and an opportunity to be heard prior to re-detention. See id at 5. The court directed Respondents to show cause why the court should not issue a preliminary injunction continuing this order. See id at 9-10. Respondents filed a joint answer to order to show cause and opposition to writ of habeas corpus. See ECF No. 7. The District Judge then issued a preliminary injunction, enjoying and restraining Respondents from re-detaining Petitioner or imposing additional restrictions on his terms of release. See ECF No. 9, pg. 4. In ordering the preliminary injunction the court adopted its same reasoning from the TRO, ECF No. 4. See id at 3. The matter was referred to the undersigned for further proceedings.

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's orders, ECF Nos. 4 and 9, and in other cases, see Sarfaraz Mohammed v. Murray, No. 1:25-CV-01761-TLN-DMC-HC, 2026 LX 11020, WL 124866 (E.D. Cal. Jan. 15, 2026), report and recommendation adopted, No. 1:25-CV-01761-TLN-DMC, 2026 WL 311864 (E.D. Cal. Feb. 5, 2026), that Petitioner's re-detention without notice or a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment and the INA. Therefore, the undersigned will recommend the petition be granted.

/ / /

2

Based on the foregoing, the undersigned RECOMMENDS that the petition for writ of habeas corpus, ECF No. 1, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 9, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3